UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANTONIO LAWAN BRINTLEY, #259391,**

    **Plaintiff,**

                                  Civil No: 2:06-CV-11571
                                  Honorable George Caram Steeh
                                  Magistrate Judge Steven D. Pepe

v.

**TODD GILLESPIE,**

    **Defendant.**

_____

**OPINION & ORDER RE: PLAINTIFF'S MOTIONS FOR CORRECTION,
SUMMARY JUDGMENT, AND INJUNCTIVE & PUNITIVE RELIEF**

**I. Introduction**

Plaintiff, Antonio Lawan Brintley, who was confined at Southern Michigan Correction Facility in Jackson, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. §1983. Since the filing of his civil rights case, Plaintiff has been released from prison and currently resides in a residence in Detroit, Michigan. Plaintiff asserts that excessive force was used against him by Defendant, Todd Gillespie, a corrections officer at Southern Michigan Correction Facility, while he was being escorted from one area of the prison facility to another. He claims to have sustained a severe injury to his left forearm and elbow as a result of Defendant's actions. Accordingly, Plaintiff has filed this prisoner's civil rights complaint and requests that he be compensated in the sum of seventy six thousand ($76,000.00) dollars for pain, suffering, mental anguish and punitive damages.

Plaintiff has filed several motions relative to this matter, namely a "Motion for Correction," "Motion for Summar[y] Judgment," and three similar motions for "Injunctive and Punitive Relief." The Court will address each of these motions.

## II. Plaintiff's Motions

### A. Motion for Correction

When Plaintiff filed his civil rights complaint, he failed to pay the filing fee or to submit an application to proceed *in forma pauperis*. Therefore, the Court entered an "Order of Deficiency for Prisoner Civil Action" which required the Plaintiff to either submit the filing fee or file the required "Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account" within 30 days from the date of the deficiency notice. Within the ordered time period, the Plaintiff submitted the requested documentation which verified his indigency. Plaintiff also attached to those papers a "Motion for Correction" for the purpose of notifying the Court that it had the Defendant's last name misspelled by spelling "Gillespie" with one "l" instead of two. The Court GRANTS Plaintiff's motion; and the Court record now reflects the proper spelling of Defendant's last name.

### B. Motion for Summary Judgment

Plaintiff then filed a one paragraph summary judgment motion. Within Plaintiff's motion, he requests a jury trial and that this case be "settled as soon as possible." In a summary judgment motion, the moving party bears the initial responsibility of informing the court of the basis for his or her motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, the nonmoving party must put forth more than a "mere scintilla of evidence," *Skousen v. Brighton High School*, 305

F.3d 520, 526 (6th Cir.2002), and "'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56(e)). When no reasonable jury can return a verdict for the non-moving party, no genuine issue exists for trial. *Id.* However, in evaluating a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Gen. Elec. Co. v .G. Siempelkamp Gmb. H & Co.*, 29 F.3d 1095, 1097-98 (6th Cir.1994).

Plaintiff's summary judgment motion is sparse in substance and does not identify any facts to establish the absence of a genuine issue of material fact relative to any position the Defendant may have in this case. The Court may in its discretion resolve a motion *sua sponte* so long as it does not abuse its discretion. See *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir.2005). In light of Plaintiff's failure to meet the requisite standard to prevail on his summary judgment motion notwithstanding a responsive pleading from the Defendant, the Court finds that Plaintiff's request for summary judgment is DENIED.

### C. Motion for Injunctive & Punitive Relief

Finally, Plaintiff filed three motions entitled "Motion for Injunctive and Punitive Relief." Each of these motions consists of one paragraph. The first motion filed on July 7, 2006[1] essentially is reminding the Court that this case is on the docket and that Plaintiff is seeking all available damages. The second motion filed on August 17, 2006 again requests that the Court grant the

---

[1]This motion is not indicated on the docket. Presumably, it was attached to Plaintiff's summary judgment motion which was filed at the same time.

Plaintiff all available relief. The final motion filed on September 5, 2006 states that Plaintiff is seeking relief for cruel and unusual punishment under the Eighth Amendment and that he wants this matter to go to trial.

When a court is to consider a motion requesting injunctive relief, the following four factors are evaluated in determining whether a plaintiff is entitled to a preliminary injunction: (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued; (3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and (4) whether the public interest would be served by the issuance of a preliminary injunction. *Sandison v. Michigan High School Athletic Association, Inc*., 64 F.3d 1026, 1030 (6th Cir.1995); *USACO Coal Co. v. Carbomin Energy, Inc*., 689 F.2d 94, 98 (6th Cir.1982). The standard for preliminary injunction is not a rigid and comprehensive test; the four factors are elements to be balanced, not prerequisites that must be satisfied. "[T]hese factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements ." *In re Eagle-Picher Indus., Inc*. 963 F.2d 855, 859 (6th Cir.1992).

Plaintiff's injunctive relief motions fail to articulate facts which would substantiate any of the four factors necessary to prevail in receiving injunctive relief. There is no discussion of Plaintiff's case being successful on the merits, Defendant's actions causing irreparable harm, harm being caused to third parties, or the public interest being served. Accordingly, there is no basis upon which the Court can grant injunctive relief. Thus, Plaintiff's request for an injunction is DENIED.

Plaintiff also seeks punitive damages in his motion for injunctive relief. Plaintiff may recover punitive damages in a 42 U.S.C. §1983 case, but only in situations involving reckless or

callous indifference to constitutionally protected rights, or conduct that bespeaks evil motives or intent to cause harm. See, e.g., *Romanski v. Detroit Entertainment* LLC, 428 F.3d 629 (6th Cir.2005). Plaintiff's motions do not address any facts relative to the Defendant's conduct generally or specifically as it relates to any alleged reckless or callous behavior directed toward the Plaintiff. Accordingly, Plaintiff's request for punitive relief at this point in the litigation of this matter is DENIED.

### III. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has not demonstrated that he is entitled to summary judgment, injunctive relief or punitive relief. However, the Court will grant Plaintiff's request to modify the spelling of Defendant's last name on future opinions and orders.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's "Motion for Correction" **[Docket No: 3-1, filed May 10, 2006]** is **GRANTED.**

IT IS FURTHER ORDERED that Plaintiff's "Motion for Summar[y] Judgment" **[Docket No: 4-1, filed July 7, 2006]** is **DENIED.**

IT IS FURTHER ORDERED that Plaintiff's "Motion for Injunctive and Punitive Relief" **[Docket No: 5-1, filed August 17, 2006]** is **DENIED.**

IT IS FURTHER ORDERED that Plaintiff's "Motion for Injunctive and Punitive Relief" **[Docket No: 6-1, filed September 5, 2006]** is **DENIED.**

**Dated:  November 14, 2006**

S/George Caram Steeh
**GEORGE CARAM STEEH**
**UNITED STATES DISTRICT JUDGE**

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on**

**November 14, 2006, by electronic and/or ordinary mail.**

**S/Josephine Chaffee**

**Deputy Clerk**