THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTONIO BRINTLEY

        Plaintiff,               Case No. 06-11571

vs.

                             HONORABLE GEORGE CARAM STEEH
                             HONORABLE STEVEN D. PEPE

TODD GILLESPIE,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. Plaintiff, Antonio Brintley, was incarcerated at the Southern Michigan Correctional Facility (JMF) in Jackson, Michigan. Defendant, Todd Gillespie, is a correctional officer at JMF. Plaintiff filed his Complaint on April 3, 2006 (Dkt. # 1). In his Complaint, Plaintiff alleges that Defendant, while transporting Plaintiff to temporary segregation, jerked Plaintiff's handcuffs causing the muscle tendons in his left arm "to be ripped from the bone" leading to "excessive swelling" from the left elbow to the forearm. *Id.* Plaintiff followed the Michigan Department of Corrections' grievance procedures, and grieved his claim through Step 3. Plaintiff's grievances were dismissed at each level of review. He seeks the award of damages for both pain and suffering as well as punitive damages for the mental anguish caused, in the amount of seventy-six thousand dollars. *Id.*

On June 8, 2007, Defendant filed a Rule 56(b) motion for summary judgment claiming

that Plaintiff's claims are barred by the Prison Litigation Reform Act (PLRA) which provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury." 42 U.S.C. 1997e(e) (Dkt. # 15). Furthermore, Defendant asserts that he is entitled to qualified immunity as a state government employee. *Id.* All pretrial matters were referred to the undersigned on November 14, 2006, pursuant to 28 U.S.C. § 636 (b)(1)(A)(B) (Dkt. #11). For the reasons, indicated below, it is **RECOMMENDED** that Defendants' motion for summary judgement be **GRANTED**.

## I.   BACKGROUND

Plaintiff was discharged from prison on October 19, 2006. He filed this Complaint on April 3, 2006. Plaintiff alleges the Defendant, Todd Gillespie, a Corrections Officer at the Southern Michigan Correctional Facility (JMF) in Jackson, Michigan, used excessive force while escorting Plaintiff from health care to temporary segregation on November 28, 2005 (Dkt. # 1). Plaintiff alleges that the Defendant pulled his arm up the center of his back causing damage to his left arm. As a result, Plaintiff claims that his arm is "continually in pain." *Id.*

Defendant encountered the Plaintiff after responding to a distress call for assistance from corrections officers, in the JMF medical clinic, who were trying to restrain the Plaintiff (Dkt. # 15, Def. Ex. 1, ¶ 2). As a result of his behavior, Plaintiff was handcuffed and transported to temporary segregation. According to the Critical Incident Report filed by the escorting officers, Plaintiff remained disruptive while he was transferred to segregation (Dkt. # 15, Def. Ex. 2). As a result, Plaintiff was charged with: Threatening Behavior, Disobeying a Direct Order of Officer Hickok and Assaulting Officer Gillespie (Dkt. # 15, Def. Ex. 3). Plaintiff was found guilty of all

2

three charges. *Id.*

Plaintiff claims that he was injured by the Defendant during transportation to segregation. Plaintiff claims that as he tripped, the Defendant pulled on his handcuffs injuring his left elbow (Dkt. # 1, p. 4, ¶ 1). Defendant denies having pulled up on the Plaintiff's handcuffs, but does acknowledge having maintained control of the handcuffs and the prisoner during the escort to segregation (Dkt. # 15, Def. Ex. 1, ¶ 8).

Upon arriving in segregation, Plaintiff complained of left arm pain and was examined by a doctor who noted that Plaintiff was "not cooperating" and possessed "full range, no vascular or neurological involvement. Left elbow xray (sic) pending" (Dkt. # 12, p. 2, ¶ 1). X-Rays confirmed that Plaintiff's arm was not broken and while there were "small, smooth bone fragments" they were likely "due to old trauma of the elbow." *Id.* at ¶ 2. Deputy Warden John Ocwieja also received an email from health services stating that Plaintiff's broken arm "was an old injury, and he does not have a broken arm now, the broken arm was from quite some time ago, a prior injury." *Id.*

Earlier on November 28, 2005, prior to the incident referenced in the Complaint, Plaintiff complained of "chest pain and swelling in his left hand and arm, and reported that the onset had occurred after he was doing pull-ups" (Dkt. # 12, p. 3, ¶ 1).

Plaintiff again saw a doctor on December 7, 2005, and the MSP concluded that the left elbow pain was not the result of fracture or dislocation, but perhaps some old trauma (Dkt. # 12, p. 6, para. 2).

Plaintiff followed the Michigan Department of Corrections' Policy Directives and pursued grievances through Steps 1, 2 and 3. Plaintiff's grievances, while timely, were denied at

each juncture. Plaintiff's Step 1 and 2 grievances were denied after Defendant noted that:

> "you have presented no evidence which shows that C/O (corrections officer) Gillespie used more force than required to escort you to the Segregation unit. Additionally, I contacted Health Unit Manager Valerie Hammond on January 19, 2006. Ms. Hammond indicates that the X-Ray which was taken shows that the damage was sustained in a prior injury and not due to the incident which you allege" (Dkt. # 1, p. 11, para. 4).

## II. ANALYSIS

### A. The Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a

> judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Factual Analysis

The PLRA specifically limits the recovery of Plaintiffs by barring the recovery in civil suits absent a showing of physical injury. Specifically, the PLRA states that: "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. 1997e(e).

This statute applies to Eighth Amendment claims for physical and punitive damages such as the Plaintiff's. *Grissom v. Davis*, 55 Fed.Appx. 256, 758 (6th Cir. 2003). *See Corsetti v. Tessmer*, 41 Fed.Appx. 753, 755-56 (6th Cir. June 25, 2002) (unpublished order); *Robinson v. Corrs. Corp. of Am.*, 14 Fed.Appx. 382, 383 (6th Cir. June 20, 2001) (unpublished).

This Circuit has held that injuries claimed under 42 U.S.C. 1997e(e) must be more than *de minimis* to proceed forward. *See*, *Adams v. Rockafellow*, 66 Fed.Appx. 584, 586 (6th Cir. 2003) (citing, *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) (physical injury required as predicate for emotional-distress claim must simply be more than *de minimis*); see also *Luong v. Hatt*, 979 F.Supp. 481, 485-86 (N.D.Tex.1997) (physical injury must be more than *de minimis* to satisfy § 1997e(e)).

The evidence does not permit a finding that Plaintiff's injury was more than *de minimis*. Plaintiff claims that his elbow was injured after Defendant "pulled up on the handcuffs" resulting in "the muscle tendons in my left arm to be ripped from the bone" leading to "excessive swelling from my left elbow down into my forearm" (Dkt. # 1, p. 4, ¶ 1). Nothing other than the Plaintiff's assertions support this claim.

Medical review, including X-Rays taken immediately after Plaintiff's arrival in segregation, determined that Plaintiff's arm was not injured during his transport to segregation. Furthermore, any damage done to Plaintiff's arm was the result of prior injuries.

On December 7, 2005, a prison doctor examined the Plaintiff and concluded that left elbow pain was not the result of dislocation or fracture but rather old trauma.

Cast in the most favorable light to Plaintiff, the record shows that Plaintiff suffered no injuries as a result of his transport to Segregation. Given that Plaintiff cannot show a physical injury pursuant to 42 U.S.C. 1997e(e), this case is not cognizable and Defendant's motion for summary judgment should be granted and Plaintiff's complaint dismissed with prejudice.[1]

### III. RECOMMENDATION

For the reasons indicated below, it is **RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED.** The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

---

[1] The Defendant may also be immune from prosecution due to qualified immunity as a government official who performs discretionary functions. *See, Christophel v. Kukulinsky*, 61 F.3d 479, 484 (6th Cir.1995). As the above analysis is dispositive of this matter, it is not necessary to proceed with a discussion of Defendant's other possible defenses.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: <u>September 11, 2007</u>          <u>s/Steven D. Pepe</u>
Flint , Michigan                          United States Magistrate Judge

CERTIFICATE OF SERVICE

       I hereby certify that on <u>September 11, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Christine M. Campbell</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Antonio Brintley, 8076 Warwick, Detroit, MI 48228</u>

                                             <u>s/ James P. Peltier</u>
                                             James P. Peltier
                                             Courtroom Deputy Clerk
                                             U.S. District Court
                                             600 Church St.
                                             Flint, MI 48502
                                             810-341-7850
                                             pete_peliter@mied.uscourts.gov